UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PATRICK EWART, | : | |
| Petitioner, | : | Civ. No. 16-0564 (KM) |
| | : | |
| v. | : | |
| | : | |
| CHARLES GREEN, | : | **OPINION** |
| | : | |
| Respondent. | : | |

<u>**KEVIN MCNULTY, U.S.D.J.**</u>

## I.     INTRODUCTION

The petitioner, Patrick Ewart, was an immigration detainee at the time he filed his *pro se* habeas petition pursuant to 28 U.S.C. § 2241. The petition challenges Mr. Ewart's immigration detention. For the following reasons, the habeas petition will be denied as moot.

## II.     BACKGROUND

Mr. Ewart is a native and citizen of Jamaica who arrived in the United States in 2002. In 2007, Mr. Ewart was convicted in New Jersey state court of threatening to kill. He was sentenced to probation. Subsequently, a notice to appear for removal proceedings was issued against him in 2013. In 2014, Mr. Ewart was placed into immigration detention.

In February, 2016, this Court received Mr. Ewart's habeas petition in which he challenges his immigration detention. The petition requests his release from immigration detention.

On July 26, 2016, respondent filed a letter with this Court indicating that the U.S. Immigration and Customs Enforcement ("ICE") directed that petitioner be released from immigration detention because the conviction that constituted grounds for his removal has been

vacated. The respondent included a copy of the order to release Mr. Ewart as well as a copy of the order of the Immigration Judge that terminated the removal proceedings against him.

## III.   DISCUSSION

The Attorney General has the authority to detain aliens in removal proceedings before the issuance of a final order of removal, or during the "pre-removal" period. Detention of an alien before an order of removal has been entered is governed by Section 1226 of Title 8 of the United States Code, which permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States. There can come a point when the period of pre-removal detention is excessive, and may be challenged on that basis. *See Diop v. ICE/Homeland Sec.,* 656 F.3d 221 (3d Cir.2011). In *Chavez–Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015) the Third Circuit gave strong indications that after six months of detention, and certainly within a year, the burden to the petitioner's liberties may outweigh the government's interest in detaining the petitioner without a further bond hearing.

In this case, any claim that Mr. Ewart may have under *Diop/Chavez-Alvarez* is now moot. Mr. Ewart "has achieved the result he sought in his habeas petition and his chance in circumstances has 'forestalled any occasion for meaningful relief.'" *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012) (quoting *Artway v. Att'y Gen.*, 81 F.3d 1235, 1246 (3d Cir. 1996)) (other citation omitted). He has been granted the relief he has asked for by being released from immigration detention. Respondent has submitted the order from ICE which orders the warden of the facility where petitioner is being detained to release Mr. Ewart, as well as the order from the Immigration Judge, which has effectively ended Mr. Ewart's immigration proceedings.

## IV.    CONCLUSION

For the foregoing reasons, the habeas petition will be denied as moot. An appropriate order will be entered.

DATED:  August 4, 2016

KEVIN MCNULTY
United States District Judge